UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BREAKING GLASS PICTURES, LLC,

    Plaintiff,

v.                                          Case No:   2:13-cv-331-FtM-38DNF

ALEXIS DEVORA,

    Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Plaintiff Breaking Glass Pictures, LLC's Motion for Entry of Final Default Judgment and Permanent Injunction against Defendant Alexis Devora (Doc. #37) filed on January 28, 2015. Although given the opportunity, Devora has not filed a response in opposition. This matter is now ripe for review.

Background

Plaintiff Breaking Glass Pictures, LLC filed its Amended Complaint and Demand for Jury Trial against *pro se* Defendant Alexis Devora on December 15, 2013. (Doc. #13). The operative complaint alleges Devora acted in a collective and interdependent manner via the Internet to unlawfully reproduce and distribute Breaking Glass' copyrighted Motion Picture by means of an interactive "peer-to-peer" file transfer technology protocol called BitTorrent. (Doc. #13, at ¶¶6, 23, 40; see also Doc. #13-1). Further, the complaint alleges

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Devora without permission intentionally republished and duplicated Breaking Glass' copyrighted Motion Picture under the Copyright Act. (Doc. #13, at ¶¶30, 34, 36).

Moreover, the complaint alleges without permission Devora intentionally made the Motion Picture available for distribution to others through a BitTorrent swarm, and in doing so Devora violated Breaking Glass' exclusive rights of reproduction and distribution. (Doc. #13, at ¶¶40, 42). The complaint also alleges by participating in a BitTorrent swarm, Devora induced, caused, or materially contributed to the infringement of Breaking Glass' copyright and exclusive rights by other swarm members. (Doc. #13, at ¶41).

The complaint further alleges Devora's conduct is causing Breaking Glass great and irreparable injury. (Doc. #13, at ¶¶38, 44). There are two counts in the complaint: direct copyright infringement (Count I) and contributory copyright infringement (Count II). Breaking Glass seeks actual or statutory damages pursuant to 17 U.S.C. § 504, attorney's fees and costs pursuant to 17 U.S.C. § 505, and injunctive relief pursuant to 17 U.S.C. §§ 502, 503.

After the Amended Complaint was filed and served, Devora filed an Answer. (Doc. #16; see also Doc. #37-1). But thereafter, Devora stopped participating in the case and failed to comply with Court orders. (See, e.g., Doc. #30). Due to Devora's committed failure to participate in this litigation, Devora's Answer was stricken. (Doc. #34). Then a Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure was entered against Devora. (Doc. #35). Pursuant to the Court's directive, Breaking Glass has now moved for Default Judgment against Devora.

Standard

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b). ABS-SOS Plus Partners Ltd. v. Vein Assocs. of Am., Inc., No. 6:08-cv-1409-Orl-31DAB, 2008 WL 5191701, at *1 (M.D. Fla. Dec. 10, 2008) (citing DirecTV, Inc. v. Griffin, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003)). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. Nike, Inc. v. Austin, 2009 WL 3535500, at *1 (M.D. Fla. Oct. 28, 2009) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.")). Therefore, in considering a motion for default judgment, a court must "'examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to' a default judgment." Nike, Inc., 2009 WL 3535500, at *1 (citing Fid. & Deposit Co. v. Williams, 699 F. Supp. 897, 899 (N.D. Ga. 1988)). Moreover, it is well understood that "a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also Fed.R.Civ.P. 55(b); Patray v. Nw. Publ'g, Inc., 931 F.Supp. 865, 869 (S.D. Ga. 1996). A plaintiff must establish the amount is reasonable under the circumstances. Patray, 931 F.Supp. at 869.

Discussion

*(1) Liability*

Upon review of the Amended Complaint, the Court is satisfied Breaking Glass has properly alleged claims for direct copyright and contributory copyright infringement. That

3

is, with regard to the direct copyright infringement claim, Breaking Glass has established it owns a valid copyright and alleged its original work were copied by Devora. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (explaining in order to establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.") (citation omitted). (See Doc. #13-1). With regard to the contributory copyright infringement claim, Breaking Glass has established Devora with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another. Casella v. Morris, 820 F.2d 362, 365 (11th Cir. 1987) ("The test for contributory infringement has been formulated as 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another' . . . The standard of knowledge is objective: 'Know, or have reason to know.'") (citations omitted). Since the allegations in the Amended Complaint are well-plead, Devora is liable for direct and contributory copyright infringement. See Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999) ("The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact. Liability, if well-pleaded, is established by virtue of a default.") (citing Buchanen v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)).

*(2) Statutory Damages*

Turning to the statutory damages sought in the Amended Complaint, the Court finds Breaking Glass is entitled to recover statutory damages for infringement of its copyrighted work pursuant to 17 U.S.C. § 504.[2] 17 U.S.C. § 504(c); see generally Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829 (11th Cir. 1990). In

---

[2] Here, Breaking Glass has elected to pursue statutory damages rather than actual damages.

4

general, a court may award statutory damages for all infringements involved in the action, with respect to any one work. 17 U.S.C. § 504(c)(1). Such statutory damages shall not be less than $750 or more than $30,000. Id.

> In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

17 U.S.C. §504(c)(2). The word "willfully," in the context of Section 504(c)(2), means that a defendant "knows his actions constitute an infringement; the action need not have been malicious." Cable/Home Commc'n Corp., 902 F.2d at 851 (citations omitted). When infringement is willful, courts consider deterrence when determining the amount of statutory damages to be awarded. Id. ("deterrence of future violations is a legitimate consideration because defendants must not be able to sneer the face of copyright owners and copyright laws.") (internal quotation marks and citations omitted). Moreover, "courts have found statutory damages are especially appropriate in default judgment cases because the information needed to prove actual damages is uniquely within the infringers' control and is not disclosed." Clever Covers, Inc. v. Sw Florida Storm Defense, LLC, 554 F. Supp. 2d 1303, 1311 (M.D. Fla. 2008) (citation omitted).

Breaking Glass asserts in this instant case, the infringement was committed willfully. Breaking Glass asserts Devora was or should have been aware of the infringement. Further, Breaking Glass asserts there is no reason for the Court to reduce the statutory damages of $150,000.

The Court, however, finds the maximum statutory award of damages would provide Breaking Glass a windfall and therefore is not warranted here. Clever Covers, Inc., 554 F. Supp. 2d at 1313 ("statutory damages are not intended to provide a plaintiff with a windfall recovery.") (internal brackets and citation omitted). Here, Breaking Glass failed to provide any evidence of its own lost sales, profits, or licensing fees as a result of the infringement to assist the Court in determining the appropriate amount of statutory damages to award. Similarly situated courts addressing statutory damages where a defendant has downloaded copyrighted materials through BitTorrent have assessed damages of approximately $6,000 based on an inference of willfulness. See Countryman Nevada, LLC v. Adams, No. 6:14-cv-491-Orl-18GJK, 2015 WL 574395, at *7 (M.D. Fla. Feb. 11, 2015) (awarding $6,000 in statutory damages in similarly situated case); TCYK, LLC v. Martin, No. 8:14-cv-0087-T-27TBM, 2014 WL 6978149, at *2 (M.D. Fla. Dec. 9, 2014) (same); Thompsons Films, LLC v. Velez, No. 6:13-cv-671-Orl-36TBS, 2014 WL 3721288, at *6 (M.D. Fla. July 28, 2014) (same); Bait Prods. PTY Ltd v. Aguilar, No. 8:13-cv-161-T-31DAB, 2013 WL 5653359, at *6 (M.D. Fla. Oct. 15, 2013) (same). Nothing about this case materially distinguishes it from cases in which damages in the range of $6,000 have been awarded. In light of the facts and circumstances in this case as well as other similarity situated cases within this district, the Court finds a statutory award of $6,000 is appropriate.

*(3) Injunctive Relief*

Pursuant to 17 U.S.C. § 502(a), a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." In order to receive a permanent injunction, a plaintiff must demonstrate: (1) he

suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering, the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

Upon review of the well-plead allegations, taken as true, the Court finds a permanent injunction is warranted. Bait Prods. PTY, Ltd., 2013 WL 5653357, at *5; see also Arista Records, Inc. v. Beker Enters., Inc., 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) ("Courts also regularly issue injunctions as part of default judgments."). The Court is satisfied due to Devora's copyright infringements, direct and contributory, Breaking Glass has suffered from an irreparable injury. Arista Records, Inc., 298 F. Supp. 2d at 1314 ("Plaintiffs 'need not show irreparable harm, as the default against Defendants satisfies the element of success on the merits.'") (quoting Sony Music Entm't, Inc. v. Global Arts Prod., 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999)); see also TCYK, LLC, 2014 WL 6978149, at *2. Monetary damages are inadequate to compensate for the injury. See generally Bait Prods. PTY Ltd v. Aguilar, 2013 WL 5653359, at *5. There is no evidence of hardship to Devora. TCYK, LLC, 2014 WL 6978149, at *2 (citation omitted). There is no indication public interest would be disserved by the issuance of a permanent injunction against Devora. Thompsons Film, 2014 WL 3721288 at *6. The Court finds granting a permanent injunction against Devora is proper.

The Court will enjoin Devora from directly or indirectly infringing Breaking Glass' rights in the Motion Picture. Id. at *7. Moreover, the Court will enjoin Devora from using the Internet to reproduce, copy, distribute, or make the Motion Picture available for

distribution to the public, unless Devora receives a license or express authority from Breaking Glass. Id. Further, the Court will require Devora to destroy all illegal downloaded or reproduced copies of the Motion Picture in his possession, custody, or control. Id.

### (4) Attorney's Fees

Breaking Glass also seeks attorney's fees and costs pursuant to the Copyright Act. See 17 U.S.C. § 505. Courts consider factors such as frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance consideration of compensation and deterrence. Foegrty v. Fantasy, Inc., 510 U.S. 517, 535 (1994). Since the Copyright Act seeks to stimulate artistic creativity for the general public good and discourage infringement, awarding attorney's fees addresses these goals because allows people to vindicate or defend their rights. Clever Covers, Inc., 554 F. Supp. 2d at 1314 (citing Foegrty, 510 U.S. at 535).  In light of Devora's committed failure to not participate in this litigation and disregard of the Court's Order, the Court finds awarding attorney's fees are appropriate in this circumstance. Foegrty, 510 U.S. at 535 (explaining courts must first determine whether awarding attorney's fees in a case is appropriate).

The Court has reviewed the Fee Declaration. (Doc. #37-2). Attorney Catherine Yant spent 17.7 hours and Attorney Richard E. Fee spent .5 hours performing legal services for Breaking Glass in the prosecution of the case. (Doc. #37-2, at ¶9). Yant charges $225.00 per hour whereas Fee charges $425 per hour. (Doc. #37-2, at ¶9). As a result, Breaking Glass seek $4,195.00 in attorneys' fees. (Doc. #37-2, at ¶9). In addition, Breaking Glass seeks $736.74 in costs. (Doc. #37-2, at ¶10). This amount represents $350.00 in the filing fee; $114.00 on a process server to personally serve the defendant twice, including at an alternate address; $57.00 to serve a subpoena on Comcast; $70.00

for Comcast's response to the subpoena; and $145.74 for travel to the preliminary pretrial conference. (Doc. #37-2, at ¶10).

Upon review, the Court finds the requested hourly rate for $225 for the associate attorney's time is objectively reasonable, but $425 for partner attorney's time is not. See TCYK, LLC, 2014 WL 6978149, at *3 (granting only $350.00 per hour for Fee's time). The Court will instead award $350 for the partner attorney's time. Id. As a result, the Court will award $4,157.50 in attorney's fees. With regard to costs, the Court finds the travel expenses are not appropriate here. As a result, the Court will limit the costs award to $591.00 in costs.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Breaking Glass Pictures, LLC's Motion for Entry of Final Default Judgment and Permanent Injunction against Defendant Alexis Devora (Doc. #37) is **GRANTED in part**.

2. A permanent injunction is **ENTERED** against Defendant Alexis Devora:

   a. Defendant Alexis Devora is permanently enjoined from directly or indirectly infringing Plaintiff Breaking Glass Pictures, LLC's rights in the Motion Picture.

   b. Defendant Alexis Devora is permanently enjoined from using the Internet to reproduce, copy, distribute, or make the Motion Picture available for distribution to the public, unless Alexis Devora receives a license or express authority from Plaintiff Breaking Glass Pictures, LLC.

    c. Defendant Alexis Devora is required to destroy all illegal downloaded or reproduced copies of the Motion Picture in his possession, custody, or control.

3. The Court awards Plaintiff Breaking Glass Pictures, LLC **$6,000.00** in statutory damages pursuant to 17 U.S.C. § 504. In addition, the Court awards Plaintiff Breaking Glass Pictures, LLC **$4,157.50** in attorneys' fees and **$591.00** in costs pursuant to 17 U.S.C. § 505.

4. This action is **DISMISSED with prejudice**.

5. The Clerk is directed to close the case and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of March, 2015.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record